UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CAPTAIN DAVID COSTELLO, )<br>et al., )<br>)<br>Defendants ) | 2:22-cv-00079-JDL |

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, currently a resident of the Riverside Psychiatric Center, alleges Defendants failed to provide him with proper medical treatment and appropriate conditions of confinement while he was a pretrial detainee in the Segregation Housing Unit (SHU) at the Cumberland County Jail.[1]  With his complaint, Plaintiff filed a motion to proceed in forma pauperis, which motion the Court granted.  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff claims Defendants coordinated, and continue to coordinate, with Los Angeles county officials to drug Plaintiff's food, water, and milk, and to contaminate the water supply

---

[1] In addition to his complaint, Plaintiff has filed a motion for a temporary restraining order and preliminary injunction, a motion to accept filing without all proper documents, and a motion for service by alternate means.  (*See* ECF Nos. 4, 5, 6.)

to the Cumberland County Jail (CCJ). (Complaint ¶¶ 2-3, 6, 20, ECF No. 1.) Plaintiff also asserts his conditions of confinement were constitutionally deficient, citing the lack of various personal hygiene and safety necessities. (*Id*. ¶ 9.) Plaintiff further claims Defendants placed him in the SHU against his will, ignored his sick call requests, and failed to provide him mental health and medical services. (*Id*. ¶¶ 7, 8.)

Plaintiff's complaint is the fourth action he has initiated alleging the same or similar allegations regarding the conditions of his confinement at the CCJ.[2] (*See* Recommended Decision After Review of Plaintiff's Case (Recommended Decision), 1:22-cv-00070-JDL, at 2-3, ECF No. 12 (March 30, 2022) (collecting cases and filings)). Two of the prior actions have been dismissed by the Court. (*Id*. at 2.) I have recommended that the Court dismiss the most recent prior action. (*Id*.)[3]

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of

---

[2] The named defendants here are the same defendants named in one of the prior actions, 2:21-cv-00258-JDL, and his current complaint is identical to the complaint filed in that matter. (*Compare* Complaint at 1, 9-12 *to* Complaint, 2:21-cv-00258-JDL, ECF No. 1.)

[3] The deadline for Plaintiff to object to file an objection to the Recommended Decision is April 13, 2022.

process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

This Court has already determined that Plaintiff's "claim regarding a nationwide conspiracy to harass and abuse [Plaintiff], including by altering the water at the jail … is not plausible." *Graham v. Maine*, 2:20-cv-00315-JDL, 2020 WL 6811492, at *2 n.2 (D. Me. Oct. 5, 2020) (*aff'd*, Dec. 29, 2020). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff alleges no facts in this case that are different from the facts he alleged in his prior actions. Plaintiff's conspiracy claims, therefore, are not actionable.

As in his prior cases, Plaintiff asserts his claims against several individual defendants, but he has not alleged facts that would support a claim against the individual defendants. To state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiffs' rights. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant. Plaintiff has not described any relevant conduct of Defendants beyond the conclusory allegations that they are all responsible. (Complaint ¶¶ 13-15.) Such allegations are "not entitled to the assumption of truth," *id.* at 680, and without further facts to support a plausible inference that they had the requisite knowledge or involvement, Plaintiff has not asserted an actionable claim against them.

Finally, as in his prior filings, Plaintiff's assertion that the mental health and medical care were inadequate is also insufficient to sustain a deliberate indifference claim without more factual support. *See Miranda v. Munoz,* 770 F.2d 255, 259 (1st Cir. 1985) ("[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments") (quotations and modifications omitted); *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (courts "disregard conclusory allegations that merely parrot the relevant legal standard" when assessing whether a plaintiff has stated a plausible claim).[4]

---

[4] To the extent Plaintiff alleges a state law negligence (medical malpractice) claim against Defendants Armor Correctional Healthcare Services, Inc., Woodward and/or Usova, the Court lacks jurisdiction over the matter. The Court's federal question jurisdiction under 28 U.S.C. § 1331 is not applicable, and Plaintiff has also failed to allege any facts to support a claim within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2022.