# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22-cv-00070-JDL |
| ) | |
| CAPTAIN JOHN COSTELLO, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| MARK GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:22-cv-00079-JDL |
| ) | |
| CAPTAIN DAVID COSTELLO, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS AND *COK* ORDER**

Plaintiff Mark Graham has filed two civil complaints (1:22-cv-00070, ECF No. 1; 2:22-cv-00079, ECF No. 1) that he concedes are duplicative and "raise[] exactly the same claims." 1:22-cv-00070, ECF No. 14 at 4. Graham, a state prisoner in Maine and a patient at the Riverview Psychiatric Center who is proceeding pro se, initiated these lawsuits on March 14 and 29, 2022, seeking damages and injunctive relief related to his alleged mistreatment at the Cumberland County Jail and the Maine State Prison. Among other mistreatment, he alleges a conspiracy between Los

1

Angeles County officials and Maine officials to drug his food and the local water supply in retaliation for his misconduct toward jail staff in California.

I proceed by first addressing Graham's complaints and his related motions, and then turn to consider Graham's pattern of submitting frivolous filings on the Court's docket.

## I. GRAHAM'S COMPLAINTS AND MOTIONS

Magistrate Judge John C. Nivison reviewed the complaint from docket number 1:22-cv-00070, *see* 28 U.S.C.A. § 1915A (West 2022), and filed his Recommended Decision (1:22-cv-00070, ECF No. 12) with the Court on March 30, 2022, *see* 28 U.S.C.A. § 636(b)(1)(B) (West 2022); Fed. R. Civ. P. 72(b), recommending that the Court dismiss the complaint. Graham filed an objection (1:22-cv-00070, ECF No. 13) on April 12, 2022, followed by two documents that he characterizes as notices (1:22-cv-00070, ECF Nos. 16, 22) and additional evidence in support of his objection (1:22-cv-00070, ECF Nos. 18, 19). Graham also filed what appears to be a second objection (1:22-cv-00070, ECF No. 20) on April 21, 2022.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendation of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceedings are necessary.[1]

---

[1] Graham filed a document (1:22-cv-00070, ECF No. 7) that he labels as a motion to include attachment of papers and also a new complaint. If I were to treat this document as an amended complaint, it would not alter my acceptance of the Recommended Decision.

Also pending before the Court in docket number 1:22-cv-00070 are Graham's motion for leave to proceed in forma pauperis (1:22-cv-00070, ECF No. 3), a motion to transfer certain documents from the docket of a recently dismissed case filed by Graham involving the same allegations to docket number 1:22-cv-00070 (1:22-cv-00070, ECF No. 4), a motion for service (1:22-cv-00070, ECF No. 5), a motion for a temporary restraining order and preliminary injunction (1:22-cv-00070, ECF No. 6), a motion to include attachment of papers (1:22-cv-00070, ECF No. 7), a second motion for service (1:22-cv-00070, ECF No. 9), a second motion for a temporary restraining order and preliminary injunction (1:22-cv-00070, ECF No. 11), a second motion to transfer documents from the docket of the previously dismissed case to docket number 1:22-cv-00070 (1:22-cv-00070, ECF No. 14), a motion to dismiss the duplicative complaint from docket number 2:22-cv-00079 and to transfer all documents from that docket to docket number 1:22-cv-00070 (1:22-cv-00070, ECF No. 15), and a third motion for a preliminary injunction (1:22-cv-00070, ECF No. 23). My acceptance of the Recommended Decision moots these motions.

Regarding docket number 2:22-cv-00079, several motions are pending: a motion to withdraw the duplicative complaint from that docket and to transfer the documents from that docket to docket number 1:22-cv-00070 (2:22-cv-00079, ECF No. 9), a motion for a temporary restraining order and preliminary injunction (2:22-cv-00079, ECF No. 4), a motion for service (2:22-cv-00079, ECF No. 5), and a motion to accept filing without proper documents (2:22-cv-00079, ECF No. 6).  The request to dismiss the duplicative complaint is properly granted, and Graham's other requests

on docket number 2:22-cv-00079 are denied as moot in light of the dismissal of that complaint and the dismissal of the complaint in docket number 1:22-cv-00070.[2]

## II. FRIVOLOUS FILINGS

In the recently dismissed action involving these same claims, Graham filed eight objections to a Recommended Decision, which prompted me to warn him that further frivolous filings in that docket or in a new case might result in an order restricting his ability to file documents with the Court. *Graham v. Costello*, No. 2:21-cv-00258, 2021 WL 4810326, at *1 (D. Me. Oct. 14, 2021). That warning was issued in accordance with the First Circuit's holding in *Cok v. Family Court of Rhode Island* that "[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants" and, if a litigant has been "warned or otherwise given notice that filing restrictions were contemplated," a court may enjoin a litigant from filing when the injunction is "narrowly drawn to counter the specific offending conduct." 985 F.2d 32, 34-36 (1st Cir. 1993). In Graham's same recently dismissed case, Magistrate Judge Nivison reminded Graham about the *Cok* warning on March 8, 2022. In addition to recommending the dismissal of the complaint, the Recommended Decision from docket number 1:22-cv-00070 recommends that the Court enter a *Cok* order requiring Graham to file a motion for leave to file any further documents with the Court.

---

[2] Also pending in docket number 2:22-cv-00079 is a Recommended Decision (2:22-cv-00079, ECF No. 8) from Magistrate Judge Nivison recommending that I dismiss the complaint in that docket. I need not address that Recommended Decision because I am granting Graham's request to withdraw his own complaint.

4

A *Cok* order is fully warranted on the record before me. The government conspiracy alleged by Graham to poison him by repeatedly contaminating different local water supplies as he relocated from one penal institution to another is not plausible, yet he has filed repeated pro se lawsuits to address it, including two since the *Cok* warning. *See Graham v. Maine*, No. 2:20-cv-00315, 2020 WL 6811492, at *2 n.2 (D. Me. Oct. 5, 2020) ("Petitioner's claim regarding a nationwide conspiracy to harass and abuse Petitioner, including by altering the water at the jail . . . is not plausible."), *report and recommendation adopted*, 2020 WL 7753684 (D. Me. Dec. 29, 2020); Compl., *Graham v. Costello*, No. 2:21-cv-00258 (D. Me. Sept. 9, 2021), ECF No. 1; Compl., *Graham v. Costello*, No. 1:22-cv-00070 (D. Me. Mar. 14, 2022), ECF No. 1; Compl., *Graham v. Costello*, No. 2:22-cv-00079 (D. Me. Mar. 29, 2022), ECF No. 1.

Additionally, Graham's *Cok* warning was triggered by his duplicative filings, and he has continued to abuse the court system in this same manner. Beyond his recent filing of two duplicative lawsuits, he has filed multiple duplicative motions in docket number 1:22-cv-00070, including two motions for a temporary restraining order, three motions for preliminary injunctions, two motions for service, two motions to transfer documents from the recently dismissed case to that docket, and two objections to the Recommended Decision. There is no justification for these duplicative motions.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Recommended Decision (1:22-cv-00070, ECF No. 12) of the Magistrate Judge is hereby **ACCEPTED** and

Graham's complaint (1:22-cv-00070, ECF No. 1) is **DISMISSED**. The motions filed on docket number 1:22-cv-00070 at ECF Nos. 3, 4, 5, 6, 7, 9, 11, 14, 15, and 23 are **DENIED as MOOT**. Graham's Motion to Withdraw Case (2:22-cv-00079, ECF No. 9) is **GRANTED in PART** with respect to the dismissal of the duplicative complaint and otherwise **DENIED as MOOT**. Graham's duplicative complaint (2:22-cv-00079, ECF No. 1) is **DISMISSED**. The motions filed on docket number 2:22-cv-00079 at ECF Nos. 4, 5, and 6 are **DENIED as MOOT**.

## *COK* ORDER

It is also **ORDERED** that Graham is prohibited from filing further lawsuits involving any allegations of him being poisoned at any Maine penal institutions without prior permission from this Court. If Graham wishes to file a new lawsuit including such allegations, he must first file a motion for leave to file the complaint. Any motion for leave to file such a complaint must not exceed three pages. In the motion for leave, Graham must explain the basis of the complaint he seeks to file, and he must attach the proposed complaint to the motion. Upon receipt, any motion for leave to file a new complaint and the proposed complaint shall be submitted to a judge for review and determination of whether the complaint will be allowed. In the absence of a motion that complies with the terms of this order, complaints from Graham that include allegations of him being poisoned at any Maine penal institution will not be accepted and will instead be returned to him immediately.

Additionally, it is **ORDERED** that Graham is prohibited from filing duplicative documents without prior permission from this Court. If Graham wishes

to file any document in a case that substantially duplicates a filing that he has already made on that docket, Graham must first file a motion for leave to file the duplicative document. Any motion for leave to file such a duplicative filing must not exceed one page. In the motion for leave, Graham must explain the basis for the duplicative filing, and he must attach the proposed filing to the motion. Upon receipt, any motion for leave to file a duplicative document and the proposed duplicative document shall be submitted to a judge for review and determination of whether the filing will be allowed. In the absence of a motion that complies with the terms of this order, duplicative filings from Graham will not be accepted and will instead be returned to him immediately.

Additional abuse of the court system by Graham may result in additional filing restrictions.

**SO ORDERED.**

**Dated this 6th day of June, 2022.**

                                                        /s/ Jon D. Levy
                                       **CHIEF U.S. DISTRICT JUDGE**